IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 24-326 |
| | : | |
| ANTOINE SMITH, a/k/a "ANTOINE JACKSON" | : : | |

## ORDER-MEMORANDUM

**AND NOW**, this 14th day of May 2025, upon reviewing Defendant's Motion to dismiss the indictment arguing Congress' barring of firearms in section 922(g)(1), both on its face and as applied to him, unconstitutionally abridges his Second Amendment right to keep and bear arms and violates the Commerce Clause (ECF 33), the United States' Response (ECF 34), supporting Exhibits of the underlying earlier offenses (ECF 36), and for reasons detailed below, it is **ORDERED** Defendant's Motion to dismiss (ECF 33) is **DENIED**.

*Analysis*

A Pennsylvania judge or jury found Antoine Smith guilty of several crimes between 2002 and 2011 before officers allegedly found him possessing a firearm on August 2, 2024. Mr. Smith pleaded guilty to drug trafficking charges in 2002 stemming from the sale of marijuana.[1] Judge Keeler of the Delaware County Court of Common Pleas sentenced Mr. Smith to a term of imprisonment of one-and-a-half to three years.[2] A jury convicted Mr. Smith in 2005 of multiple counts of robbery, carrying firearms without a license, possessing instruments of a crime, simple assault, and reckless endangerment stemming from Mr. Smith attacking two individuals with a gun and a hammer in 2004.[3] Judge DeFino of the Delaware County Court of Common Pleas sentenced Mr. Smith to five to ten years' imprisonment.[4] Mr. Smith pleaded guilty to seven counts of possession with intent to deliver, conspiracy, and other charges related to seven separate drug

sales of cocaine and marijuana in 2011.[5] Judge Hazel of the Delaware County Court of Common Pleas sentenced Mr. Smith to an aggregate term of two-and-a-half to five years' imprisonment.[6]

Our grand jury charged Antoine Smith with one count of possession of a firearm by a felon, in violation of 18 U.S.C. section 922(g)(1) on September 12, 2024.[7]

Mr. Smith now moves to dismiss the indictment arguing the felon in possession of a firearm under section 922(g) charge is facially unconstitutional and unconstitutional as applied to him.[8] The United States counters our colleagues have repeatedly held section 922(g) is constitutional and Mr. Smith's earlier convictions show he is a danger to others and can be subject to firearm regulation consistent with our Nation's history and tradition.[9]

    **A.  The statute is constitutional as applied.**

The Founders provided in the Second Amendment "the right of the people to keep and bear Arms, shall not be infringed."[10] Congress through section 922(g)(1) made it unlawful for "any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition[.]"[11]

Our Supreme Court three years ago in *New York State Rifle & Pistol Association v. Bruen* held where the Second Amendment covers an individual's conduct, Congress cannot prohibit the conduct except in a manner consistent with "the historical tradition that delimits the outer bounds of the right to keep and bear arms."[12] The Court returned to this issue last year in *United States v. Rahimi* when it endeavored to correct how "some courts have misunderstood" its 2022 guidance in *Bruen*.[13] Mr. Rahimi challenged a provision of section 922(g) prohibiting him from possessing a firearm as the subject of a domestic violence restraining order.[14] The Supreme Court found Congress' section 922(g) prohibition constitutional as applied to Mr. Rahimi explaining "the appropriate analysis involves considering whether the challenged regulation is consistent with the principles that underpin our regulatory tradition."[15] The Court found our regulatory tradition

2

recognized "[w]hen an individual poses a clear threat of physical violence to another, the threatening individual may be disarmed."[16] The Supreme Court made clear in *Rahimi* "[o]ur tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others."[17]

Mr. Smith's earlier state court convictions involve violence and dangerousness. Pennsylvania courts sentenced Mr. Smith for, among other things, robbery, possession of arms in connection with a crime of violence, and possession with intent to distribute.

State courts convicted Mr. Smith multiple times of possession with intent to distribute: a felony under Pennsylvania law.[18] We are persuaded by our colleagues repeatedly finding the application of section 922(g) to bar the possession of firearms for those with a history of such drug offenses is consistent with our regulatory tradition.[19] Chief Judge Brann explained and addressed the practical implications: "There are few crimes that pose a greater risk to the public than drug trafficking, and fewer still where the dangerous connection between the crime and possession of firearms is more present or better understood. . . . Congress has passed a raft of laws punishing and attempting to prevent drug traffickers from possessing firearms because it understands that firearms in the hands of such individuals frequently results in deadly violence. Holding § 922(g)(1) unconstitutional as applied to such individuals would effectively strip Congress of the ability to protect the public from a clear and present danger."[20]

State courts also convicted Mr. Smith of robbery, which is a felony of the first degree. "First-degree robbery is defined as committing a theft by '(i) inflict[ing] serious bodily injury upon another; (ii) threaten[ing] another with or intentionally put[ting] him in fear of immediate serious bodily injury; [or] (iii) commit[ting] or threaten[ing] immediately to commit any felony of the first or second degree.'"[21] Our colleagues have found "[c]rimes such as robbery are paradigmatic

violent crimes: those who commit such crimes are dangerous to the public peace."[22] Our colleagues have further found "there is a robust and consistent tradition of governments in England, its American colonies, and the early United States disarming those deemed to be dangerous, either based on their status or their conduct[, which] applie[s] to plainly dangerous felonies like armed robbery[.]"[23]

We are persuaded by the thoughtful analysis from several colleagues. Section 922(g)(1) is constitutional as applied to Mr. Smith. His earlier state convictions demonstrate he has a propensity for violence. We join a number of our colleagues who have found banning firearms for individuals convicted of drug trafficking or robbery is constitutional because those who commit such crimes are dangerous and would have been disarmed at the time of the Founding.[24]

### B. The statute is constitutional on its face.

Mr. Smith argues section 922(g)(1) is facially unconstitutional under the Second Amendment because there is no Founding-era history of broadly and permanently disarming felons.[25] The United States does not address this argument directly, but does indirectly in its counter of Mr. Smith's as-applied challenge. We find section 922(g)(1) is constitutional on its face.

"A party asserting a facial challenge 'must establish that no set of circumstances exists under which the Act would be valid.'"[26] Our finding section 922(g)(1) is constitutional as applied to Mr. Smith forecloses any facial challenge to the statute because Mr. Smith cannot show section 922(g)(1) is unconstitutional in *all* circumstances if there is a circumstance in which the statute is constitutionally applied.[27]

And our colleagues in our District to consider this facial question have found banning firearms for people previously convicted of certain crimes is constitutional. As Judge Savage noted, "[w]e cannot improve or add to their thoughtful and well-reasoned opinions. Therefore, we join them in holding that [section] 922(g) does not violate the Second Amendment."[28]

4

Our conclusion is supported by our Supreme Court's decision in *Rahimi* upholding section 922(g) against a facial challenge, where the Court explained "we have no trouble concluding that Section 922(g)(8) survives Rahimi's facial challenge. Our tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others."[29] And, more recently, our Court of Appeals held "while *Rahimi* and *Range II* did not purport to comprehensively define the metes and bounds of justifiable burdens on the Second Amendment right, they do, at a minimum, show that disarmament is justified as long as a felon continues to 'present a special danger of misus[ing firearms.]'"[30]

We are lastly not persuaded by Mr. Smith's argument section 922(g) "is inconsistent with the original public meaning of the Constitution's Commerce Clause."[31] Congress is empowered to "regulate Commerce . . . among the several States."[32] Congress through section 922(g) prohibits felons from possessing firearms "in or affecting commerce."[33] Our Court of Appeals has instructed section 922(g)(1) is constitutional under the Commerce Clause.[34] This remains good law and we are bound by it.

We conclude section 922(g)(1) is constitutional under the Second Amendment as applied to Mr. Smith and on its face. We deny Mr. Smith's Motion to dismiss the indictment.

*[signature]*
**KEARNEY, J.**

---

[1] ECF 36-1 at 2, 5.

[2] *Id.* at 2; ECF 36-4 at 2.

[3] ECF 36-2 at 3–20, 24–27; ECF 36-4 at 4–5.

<mark>Case 2:24-cr-00326-MAK  Document 38  Filed 05/14/25  Page 6 of 7</mark>

---

[4] ECF 36-2 at 3; ECF 36-4 at 4–5.

[5] ECF 36-3 at 2, 18–20.

[6] *Id.* at 2; ECF 36-4 at 2–4.

[7] ECF 1.

[8] ECF 33. We note criminal defendants continue to challenge section 922(g) facially and as applied to their earlier convictions before our Court of Appeals. *See, e.g.*, *United States v. Bost*, No. 24-1719 (3d Cir. filed April 23, 2024) (challenging section 922(g) as facially unconstitutional and unconstitutional as applied to an earlier terroristic threats conviction); *United States v. Reichenbach*, No. 24-2633 (3d Cir. filed Sep. 3, 2024) (challenging section 922(g) as unconstitutional as applied to an earlier drug trafficking conviction).

[9] ECF 34.

[10] U.S. CONST. amend II.

[11] 18 U.S.C. § 922(g)(1).

[12] 597 U.S. 1, 19 (2022).

[13] 602 U.S. 680, 691 (2024).

[14] *Id.* at 684–89.

[15] *Id.* at 692 (citing *Bruen*, 597 U.S. at 26–31).

[16] *Id.* at 698.

[17] *Id.* at 700.

[18] *Jeune v. Atty. Gen. of United States*, 476 F.3d 199, 202 (3d Cir. 2007) (quoting *Garcia v. Atty. Gen. of United States*, 462 F.3d 287, 293 (3d Cir. 2006)) ("[A] conviction under 35 PA. STAT. ANN. § 780-113(a)(30) is a felony under state law[.]").

[19] *United States v. Canales*, 702 F. Supp. 3d 322, 329 (E.D. Pa. 2023) (quoting *United States v. Reichenbach*, No. 22-57, 2023 WL 5916467, at *8 (M.D. Pa. Sept. 11, 2023) and collecting cases) ("As numerous courts have recognized, guns and drugs are a 'dangerous combination,' and drug-traffickers are 'dangerous and disruptive to society.'").

[20] *Reichenbach*, 2023 WL 5916467, at *9.

[21] *United States v. Smith*, No. 02-502, 2023 WL 8092083, at *2 (E.D. Pa. Nov. 21, 2023) (citing 18 PA. CONS. STAT. §§ 3701(a)(1)(i)-(iii)).

[22] *United States v. Hargraves*, No. 22-91, 2024 WL 1675034, at *5 (D. Del. Apr. 18, 2024) (citation omitted).

<mark>6</mark>

---

[23] *United States v. West*, 703 F. Supp. 3d 552, 558 (E.D. Pa. 2023).

[24] *United States v. Ames*, No. 23-178, 2023 WL 5538073, at *2–*3 (E.D. Pa. Aug. 28, 2023) (finding section 922(g)(1) constitutional as applied to individual with prior conviction for robbery); *United States v. Cotton*, No. 22-471, 2023 WL 6465836, at *3–*4 (E.D. Pa. Oct. 4, 2023) ("Unlike Mr. Range who previously understated his income to qualify for government benefits to feed his family and sought to buy a hunting rifle and potentially a shotgun, Mr. Cotton was previously convicted of robbery[.]"); *United States v. Perkins*, No. 23-66, 2023 WL 7329503, at *2–*3 (E.D. Pa. Nov. 7, 2023) (finding section 922(g)(1) constitutional as applied to defendant with two prior robbery convictions); *United States v. Trusty*, No. 20-543, 2025 WL 830124, at *5–*6 (D.N.J. Mar. 17, 2025) (quoting *United States v. Boone*, No. 22-233, 2024 WL 965146, at *8 (D.N.J. Mar. 6, 2024)) ("Section 922(g)(1) is constitutional as applied to Trusty because, 'consistent with this Nation's historical tradition of firearm regulation as applied to individuals, like Defendant, who have sustained prior felony convictions for drug trafficking,' those drug felonies make him a danger to the community."); *United States v. Easley*, No. 24-152, 2024 WL 4821471, at *6 (E.D. Pa. Nov. 18, 2024) ("Our modern-day lawmakers recognize that drug traffickers are dangerous and disruptive to society, such that they should be permanently barred from possessing firearms.").

[25] ECF 33.

[26] *United States v. Mitchell*, 652 F.3d 387, 405 (3d Cir. 2011) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)).

[27] *See United States v. Blackshear*, No. 23-159, 2023 WL 5985284, at *3 (E.D. Pa. Sept. 14, 2023) ("Blackshear cannot show that § 922(g)(1) is unconstitutional as applied to his case, let alone in all circumstances."); *Canales*, 702 F. Supp. 3d at 332 ("And since Canales cannot show that § 922(g)(1) is unconstitutional even as applied to him, he has failed to demonstrate that there are no circumstances in which the statute will be constitutional. This forecloses any facial challenge.").

[28] *United States v. Regis*, No. 22-401, 2024 WL 83497, at *1 (E.D. Pa. Jan. 8, 2024).

[29] 602 U.S. at 700.

[30] *Pitsilides v. Barr*, 128 F.4th 203, 210–11 (3d Cir. 2025) (quoting *Rahimi*, 602 U.S. at 698).

[31] ECF 33 at 13.

[32] *See* U.S. CONST. art. I, § 8.

[33] 18 U.S.C. § 922(g).

[34] *United States v. Penn*, 870 F.3d 164, 165 n.2 (3d Cir. 2017) (citing *United States v. Singletary*, 268 F.3d 196, 204–05 (3d Cir. 2001)).